```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

QUIKTRIP CORPORATION,           )
                                )
            Plaintiff,          )
                                )
      v.                        )     No. 4:05 CV 1530 DDN
                                )
KEHR DEVELOPMENT, LLC,          )
                                )
            Defendant.          )
```

**MEMORANDUM AND ORDER**

This matter is before the court on the motion of defendant Kehr Development, LLC, to dismiss the action for lack of subject matter jurisdiction. (Doc. 10.) The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).[1] (Doc. 19.) A hearing was held December 7, 2005.

**Background**

Plaintiff Quiktrip Corporation brought this action for declaratory judgment against defendant Kehr Development, LLC, seeking a determination of the rights and responsibilities of the parties with respect to Quiktrip's termination of a lease entered into by the parties. (Doc. 1 at 3.) It is undisputed that Quiktrip executed a lease document to lease certain property of Kehr Development, LLC. Quiktrip alleges that the lease agreement provided that, if any of several contingencies were not satisfied, Quiktrip could "in the sole discretion of [QuikTrip], . . . elect to declare this Lease null and void . . . ." (Doc. 1 at ¶ 6.) Quiktrip alleges that one or more of these contingencies were not satisfied and thereafter it terminated the lease. (Id. at ¶¶ 7-8.)

Quiktrip further alleges that Kehr brought suit against it in the Circuit Court of St. Louis County, alleging that the lease was wrongfully terminated. (Id. at ¶ 11.) This action was voluntarily

---

[1]The court has subject matter jurisdiction over this action based on the diversity of citizenship of the parties and the amount in controversy. See 28 U.S.C. § 1332.

dismissed without prejudice. (Id.) Quiktrip asks this court to determine that it rightfully terminated the lease. (Id. at 3.)

Kehr has moved to dismiss this action (Doc. 10), arguing that this matter is not ripe for adjudication. It argues that there is no actual controversy here, and that a mere threat of future litigation is not enough to warrant a declaratory judgment. Furthermore, Kehr argues that, even if the court determines that this matter is ripe for adjudication, the court should refrain from exercising jurisdiction, since part of the underlying state court action remains pending on appeal. (Doc. 11.)

Quiktrip argues that dismissal is not proper because this issue is ripe for adjudication. It argues that future litigation about the termination of the lease is inevitable, and that the court should not refrain from exercising jurisdiction pending the state court appeal, because the outcome in this case will not affect that appeal or lead to inconsistent results. (Doc. 18.)

## Discussion

In deciding a motion that challenges the existence of subject matter jurisdiction, the court may look beyond the pleadings and consider the whole record of the action. Moore's Federal Practice, ¶ 12.30[3] (3rd ed. 2005). The state court action that Kehr brought against Quiktrip sounded in four counts. Count 1 of the second amended petition was for breach of the lease contract. Count 2 was for slander of title, because Quiktrip refused to release its short form lease which it had filed of record in lieu of the full lease document, in spite of its termination of the lease. Count 3 was to quiet title in Kehr to the subject property, to avoid the effect of the short form lease. And Count 4 was for a declaratory judgment that Quiktrip has no interest in the property, among other relief. (Doc. 12, Ex. A.)

On June 13, 2005, the Circuit Court of St. Louis County granted partial summary judgment as to Count 2 for slander of title. (Id., Ex. C at 4.) Thereafter, Kehr dismissed the balance of the state court action without prejudice with leave to refile. (Id., Ex. B.) On August

15, 2005, the dismissal of Count 2 was appealed to the Missouri Court of Appeals. (Id. at 1.)

Article III, Section 2 of the Constitution "allows federal courts to hear only 'actual cases and controversies.'" Premier Pyrotechnics, Inc. v. Zambelli Fireworks Mfg. Co., 2005 WL 1307682 at *1 (W.D. Mo. May 31, 2005) (quoting U.S. Const. art. III, § 2). "The case or controversy requirement of Article III applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief." Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993). "The test to determine whether there is an actual controversy within the meaning of the Declaratory Judgment Act is whether 'there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id.; Pub. Water Supply Dist. No. 8 of Clay County, Missouri v. City of Kearney, Missouri, 401 F.3d 930, 932 (8th Cir. 2005) (courts are prohibited from issuing advisory opinions).

Whether a controversy exists is a fact specific inquiry. Marine Equip., 4 F.3d at 646. "The Supreme Court has directed that the ripeness inquiry requires examination of both the 'fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" Nebraska Pub. Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 1038 (8th Cir. 2001) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967)). Both prongs must be satisfied "to at least a minimal degree." Id. at 1039.

In the case at bar, there is an actual controversy between the parties concerning their rights in the property which was the subject of the lease. This dispute is more than merely hypothetical or abstract; defendant Kehr has already brought suit in state court for breach of the lease agreement, even though it voluntarily dismissed that count, ostensibly so that it could appeal the dismissal of the quiet title count. (Doc. 1 at ¶ 11.) There are no hypothetical facts to be assumed by this court if it were to exercise jurisdiction. It appears undisputed that the lease has been entered into and terminated by Quiktrip.

However, the court will stay these proceedings pending the state court action proceedings. A district court has broad discretion when determining whether to exercise jurisdiction over a declaratory judgment action when there exists a parallel state court proceeding. <u>Scottsdale Ins. Co. v. Detco Indus., Inc.</u>, 426 F.3d 994, 997 (8th Cir. 2005). "A threshold issue in this case is whether parallel proceedings were pending in state court at the time [plaintiff] brought its declaratory judgment action." <u>Scottsdale</u>, 426 F.3d at 996. "Suits are parallel, if 'substantially the same parties litigate substantially the same issues in different forums.'" <u>Id.</u> (quoting <u>New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America</u>, 946 F.2d 1072, 1073 (4th Cir. 1991)).

These actions are sufficiently similar to warrant a finding they are parallel actions. The parties are the same in both actions and both actions involve the parties' dispute about their legal interests in the subject property.

Because this controversy was originally joined in the Missouri state courts and because future state court proceedings may resolve the controversy, this court will stay this action for three months pending the decision of the Missouri Court of Appeals. The stay is limited, because the appeal before the Missouri Court of Appeals is limited to the dismissal of the quiet title count regarding the short form lease and because there is no other pending state court claim that directly seeks a resolution of the lawfulness of Quiktrip's termination of the lease. The stay will be of limited duration also, because, whether or not the parties's dispute is resolved by this court or the state courts, further discovery of facts likely will be necessary and such discovery efforts can be used in either case or in both cases.

Therefore,

**IT IS HEREBY ORDERED** that the motion of defendant Kehr Development, LLC, to dismiss (Dec. 10) is denied.

**IT IS FURTHER ORDERED** that further proceedings in this action are stayed for three months, until March 28, 2006.  On that date, at 1:30 p.m., the court will conduct a telephone status conference with counsel for all parties.


/s/ David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**


Signed on December 28, 2005.